# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| Kevin Ortega,<br>    Petitioner,<br><br>v.<br><br>Federal Bureau of Prisons, et al.,<br>    Respondents. | 1:19cv747 (AJT/TCB) |

## MEMORANDUM OPINION & ORDER

Kevin Ortega, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, claiming that he was expelled from the residential drug treatment program (RDAP) at FCC Petersburg without due process of law and without cause. [Dkt. No. 5]. Respondents have moved to dismiss or, in the alternative, for summary judgment. [Dkt. Nos. 8–10]. Ortega received the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), [Dkt. No. 12], but has not responded. Because Ortega has no cognizable liberty interest in participating in, and earning early release from, RDAP, and because the Court lacks jurisdiction over his remaining claim, respondents' motion will be granted.

## I. Background

The Federal Bureau of Prisons ("BOP" or "Bureau") established RDAP pursuant to 18 U.S.C. § 3621(b), which directs the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." To incentivize inmates to complete the program, Congress additionally authorized the BOP, in its discretion, to reduce by no more than one year the sentence of a prisoner who completes the program, if that prisoner is incarcerated for a nonviolent offence. 18 U.S.C. § 3621(e)(2)(B); see also 28 C.F.R. § 550.55(a)(2).

Respondents submitted an affidavit from Markita Wolf, the Drug Abuse Program Coordinator at FCC Petersburg, attesting to Ortega's participation in RDAP at the facility. [Wolf Aff. ¶ 1]. Ortega was accepted into FCC Petersburg's RDAP program on August 27, 2018. [Id. ¶ 4]. He successfully completed phase I of the program but was expelled during phase II on December 14, 2018. [Id. ¶¶ 4–8 & Attach. 2–3]. He was expelled because he refused to sign and acknowledge a formal warning issued for noncompliance with the program's community rules and standards, and the refusal to sign further amounted to "refusing to participate in treatment." [Wolf Aff. ¶¶ 6–8].

Ortega now seeks to contest his expulsion by petitioning for a writ of habeas corpus. He contends that he was removed from RDAP without cause and due process of law. He further asserts that his expulsion resulted in him losing eight months off of his sentence that he was "awarded upon entry into the program." [§ 2241 Petition].

## II. Standard of Review

Because the Court is considering matters presented outside of the pleadings, the Court must treat respondents' motion to dismiss or, in the alternative, for summary judgment, solely as a motion for summary judgment. See Fed. R. Civ. P. 12(d). The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III. Analysis

Respondents argue first that the petition should be dismissed because the Court lacks jurisdiction over Ortega's claim challenging his expulsion from RDAP. They are correct, in part.

Generally, the Administrative Procedure Act (APA) allows persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the

meaning of a relevant statute" to seek judicial review. 5 U.S.C. § 702. But this review is foreclosed when (1) an independent statute precludes judicial review, or (2) when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

Both of these exceptions to judicial review apply here. First, 18 U.S.C. § 3625 explicitly states that the APA's judicial-review provisions "do not apply to the making of any determination, decision, or order under this subchapter." Included in that subchapter is 18 U.S.C. § 3621(b), see 18 U.S.C., part II, chapter 229, subchapter C, which gives the BOP the "authority to manage inmate drug treatment programs, including RDAP," see Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir 2011). Because § 3625 precludes judicial review of "the BOP's individualized RDAP determinations," including "decisions to remove particular inmates from the RDAP program," this Court lacks jurisdiction to review Ortega's claim that he was expelled from RDAP without cause. See Reeb, 636 F.3d at 1227–28; see also Reed v. Wilson, No. 1:14cv652, 2015 WL 5166125, at *3 (E.D. Va. Sept. 2, 2015) (concluding that "the BOP's decision to deny [petitioner] access to the discretionary sentence reduction provided by the RDAP is not judicially reviewable").

Second, under § 3621 "[d]etermining which prisoners are eligible to participate in RDAP is within the discretion of the BOP, as is the decision to grant or deny eligible prisoners sentence reductions upon successful completion of the program." Reeb, 636 F.3d at 1226 (citing § 3621); see also Bellis v. Davis, 186 F.3d 1092, 1094 (8th Cir. 1999) (recognizing that language in § 3621 "is discretionary" and thus "vests broad discretion in the BOP to determine which individuals, among the group of statutorily eligible inmates . . . are appropriate candidates for early release"); Rublee v. Fleming, 160 F.3d 213, 216 (5th Cir. 1998) ("[T]he language of § 3621(e)(2)(B) affords the BOP discretion in deciding whether to allow early release upon

3

completion of the drug-treatment program described in the statute."). Thus, judicial review is also prohibited because the RDAP decisions are statutorily committed to the BOP's discretion.

The Court's analysis does not end here, however, because the Court retains jurisdiction to review Ortega's constitutional claim that he was expelled from RDAP without due process. See Dababaneh v. Warden Loretto FCI, 792 F. App'x 149, 151 (3d Cir. 2019); Reeb, 636 F.3d at 1228; see also Reed, 2015 WL at *3 (recognizing that petitioner could not challenge individual RDAP decision but exercising jurisdiction to analyze due process claim).

Respondents argue that the due process claim should be dismissed because Ortega has not identified a liberty interest that he has been deprived of subject to constitutional protection. Ortega, for his part, urges that he was awarded some time off his sentence merely through his acceptance into RDAP, and his expulsion—causing that award to be revoked—required due process. Respondents counter that Ortega has no protected liberty interest in participating in RDAP and earning early release.

Ortega's due process claim fails as a matter of law, and, thus, respondents are entitled to summary judgment. To establish a due process violation, Ortega must make a threshold showing that he was denied a liberty or property interested protected by the due process clause of the Fifth Amendment. See Kerry v. Din, 135 S. Ct. 2128, 2132 (2015); Smith v. Ashcroft, 295 F.3d 425, 429 (4th Cir. 2002). First of all, Ortega's assertion that he was awarded several months of early release upon entering the program is wrong. Section 3621 authorizes the BOP to reduce a prisoner's sentence only "after successfully completing" RDAP. 18 U.S.C. § 3621(e)(2)(B). Because Ortega was expelled during phase II, he did not successfully complete RDAP, rendering meritless his due process claim on that ground.

That leaves Ortega only with an anticipation or expectation of early release through completing the program. But "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979), or to participate in federal rehabilitative programs, see Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). And the award of early release authorized through RDAP participation is completely discretionary on the part of the BOP. See 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons.") (emphasis added). Ortega therefore has no due process interest in participating in, or the conditional release subject to completing, the BOP's RDAP program. See Reeb, 636 F.3d at 1228 n.5 ("[I]nmates do not have a protected liberty interest in either RDAP participation or in the associated discretionary early release benefit."); Cook v. Wiley, 208 F.3d 1314, 1323 (11th Cir. 2000) ("Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest."); Lawrence v. Wilson, No. 2:18-cv-63, 2018 WL 7078675, at *5 (E.D. Va. Nov. 15, 2018) (concluding that § 3621(e) does not create a liberty interest in earning early release); Goodwin v. Wilson, No. 1:17cv269, 2017 WL 2837138, at *3 (E.D. Va. June 30, 2017) ("[D]enial of access to the RDAP program and its sentence reduction opportunity is insufficient to trigger a liberty interest subject to due process protection.").

Accordingly, it is hereby

ORDERED that respondents' motions to dismiss or, in the alternative, for summary judgment [Dkt. Nos. 8–10] be and is GRANTED; and it is further

ORDERED that the § 2241 petition [Dkt. No. 5] be and is DISMISSED.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (60) days of the date of this Order. <u>See</u> Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to enter judgment in favor of respondents pursuant to Federal Rule of Civil Procedure 58; to send copies of this Order to petitioner and counsel of record for respondents; and to close this civil action.

/s/
Anthony J. Trenga
United States District Judge

Entered this 14th day of April, 2020.

Alexandria, Virginia